(78 South. 239)

No. 22722.

## McLAUGHLIN v. STALLINGS.

(Feb. 25, 1918.    Rehearing Denied April 1, 1918.)

*(Syllabus by the Court.)*

LANDLORD AND TENANT ☞164(7)—PERSONAL INJURY TO TENANT—LIABILITY.

A landlord is not liable in damages for personal injuries suffered by the tenant in consequence of a dangerous condition of the leased premises, of which the tenant had knowledge and assumed the risk.

Monroe, C. J., dissenting.

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by Mrs. Kate R. McLaughlin against Mrs. Olive A. Stallings. Judgment for defendant, and plaintiff appeals. Affirmed.

Andrew B. Booth, Jr., and Wm. H. Byrnes, Jr., both of New Orleans, for appellant. McCloskey & Benedict, of New Orleans, for appellee.

O'NIELL, J.  The plaintiff prosecutes this appeal from a judgment rejecting her demand for damages for personal injuries.

A contractor, employed by the defendant to ratproof the residence owned by her and rented and occupied by the plaintiff, removed the steps temporarily from the front door, and the plaintiff, going out before daybreak to get the morning's milk, fell from the front door to the ground, a distance of about three feet, and was seriously hurt.

The defense is that the carpenter who re-

moved the steps took the precaution of nailing boards across the open door temporarily to prevent any one from walking out, and that the boards were removed at the plaintiff's request and upon her assuming the risk. The defendant also pleaded that the carpenter who removed the steps was employed by an independent contractor, for whose negligence—if he was negligent—the defendant was not responsible. That defense, however, was abandoned in this court, and it is admitted by both parties that the correctness of the judgment appealed from depends solely upon the question of fact whether boards were nailed across the door by the carpenter and then removed at the request of the plaintiff.

The ratproofing done in compliance with an ordinance of the board of health consisted in constructing a cement or concrete chain wall under the sills entirely around the house. It was necessary to remove the front steps to put in the wooden forms or molds for the concrete under the front door. The steps were removed on a Monday and replaced that evening. They were removed again the next day and the concrete mixture was poured into the forms. The concrete had not set or hardened sufficiently that evening for the steps to be put back in place. The contractor and a carpenter testified that the latter nailed three or four pieces of old flooring, spaced about 6 inches apart, across the open door, on the outside, behind the open blinds, obstructing the opening for a height of about 3 feet. The contractor testified that, having witnessed the nailing up of the boards, he walked away to see that the steps at the rear of the house were in position. The carpenter testified that the plaintiff then, being in the house, came to the front door and demanded that the obstruction be removed, and that he refused to obey the demand without the contractor's consent. The latter and the carpenter both testified that the contractor then came forward, and, when the plaintiff repeated her demand that the boards be taken down, he replied, "All right; it's up to you; if anything happens, it is up to you," and that the carpenter then knocked down the boards.

The plaintiff, testifying in the case, denied emphatically that any boards were nailed across the door, or that she had had any conversation with either the contractor or the carpenter in regard to the matter. In fact, she said she did not know, before the accident, that the steps had been removed.

Another carpenter, who had worked on the ratproofing of that house and a neighboring house that was being ratproofed for the defendant at the same time, was called as a witness for the plaintiff, and denied that any boards were nailed across the door from which the steps were removed. But the witness admitted that he had gone to work on the other house at 3 o'clock in the afternoon before the accident, and it does not appear that he had any knowledge of the matter in dispute. Another workman, called as a witness to corroborate the plaintiff's statement that no attempt was made to guard the door from which the steps were removed, testified merely that there were no boards across the open door on the morning of the accident.

The decision of the case, therefore, depends upon whether we should believe the statement of the contractor and the carpenter, or that of the plaintiff, on the question in dispute. There being no reason to doubt the veracity of any of the three witnesses, the preponderance of proof is in favor of the defendant. There are some differences in the testimony given by the contractor and the carpenter, in matters of detail; but they are not of sufficient importance to warrant a conviction of perjury. As their testimony cannot be rejected on any other theory than that they committed perjury, and as we do not believe they committed perjury, we must

assume that the plaintiff forgot the incident which she denied had occurred.

The landlord is not responsible for the tenant's being injured in consequence of the dangerous condition of the premises, of which the tenant had knowledge and assumed the risk.

The judgment is affirmed.

MONROE, C. J., dissents.